### In re FINANCIAL NEWS NETWORK, INC., Debtor.

**Appeal of DOW JONES/GROUP W TELEVISION COMPANY, Dow Jones & Company, Inc. and Westinghouse Broadcasting Company, Inc.**

#### No. M–47.

United States District Court, S.D. New York.

April 18, 1991.

See also 126 B.R. 152.

Michael A. Rosenthal, Gibson, Dunn & Crutcher, New York City (Ronald S. Orr, Cynthia C. Lebow, David H. Kennedy, of counsel), for Financial News Network Inc., debtor in possession.

Cravath, Swaine & Moore, New York City (David Boies, of counsel), Patterson, Belknap, Webb & Tyler, New York City (David Dykhouse, of counsel), Dickstein, Shapiro & Morin, Washington, D.C. (Bernard Nash, of counsel), for Dow Jones/Group W Television Co., Dow Jones & Co., Inc. and Westinghouse Broadcasting Co., Inc.

Bruce R. Zirinsky, Weil, Gotshal & Manges, New York City (Brian S. Rosen, Philip S. Weber, Deborah Deitsch–Perez, Banks Tarver, of counsel), for Consumer News and Business Channel Partnership.

O'Melveny & Myers, Los Angeles, Cal. (Ben H. Logan, of counsel), Powell, Goldstein, Frazer & Murphy, Atlanta, Ga. (Jesse H. Austin, of counsel), for the Toronto–Dominion Bank.

Michael A. Schlanger, Jeffrey M. Sherman, Alvin Dunn, Joseph C. Figini, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., William I. Weisberg, Weisberg & Weisberg, New York City, for Telesat Cablevision, Inc.

Kramer, Levin, Nessen, Kamin & Frankel, New York City (Kenneth H. Eckstein, of counsel), for the Official Committee of Unsecured Creditors of Financial News Network, Inc.

James M. Spears, Gen. Counsel, Marc G. Schildkraut, Asst. Director, Jerold D. Cummins, Dennis F. Johnson, Anthony Low Joseph, F.T.C., Washington, D.C. by Robin E. Eichen, F.T.C., New York Regional Office, New York City, Charles M. Oberly, III, Atty. Gen., State of Delaware by Fred E. Silverman, Chief Deputy, Atty. Gen., Wilmington, Del., for the State of Del.

Ernest D. Preate, Jr., Atty. Gen., Com. of Pa., Daniel Clearfield, Executive Deputy Atty. Gen., Public Protection Div. by Carl S. Hisiro, Senior Deputy Atty. Gen., Antitrust Section, David R. Weyle, Deputy Atty. Gen., Antitrust Section, Office of Atty. Gen., Harrisburg, Pa., for the Com. of Pa.

LASKER, District Judge.

These are expedited appeals from a decision reached by the Bankruptcy Court for the Southern District of New York on April 3, 1991 in the Chapter 11 proceedings of Financial News Network, Inc. ("FNN"). *In re Financial News Network, Inc.,* 91 B 10891 (FGC).

The Bankruptcy Court ruled orally on that date that any antitrust objections or actions by the Federal Trade Commission (FTC) or state agencies to bar the proposed acquisition of FNN must be brought before the Bankruptcy Court. That ruling is appealed by the FTC, the Commonwealth of Pennsylvania and the State of Delaware, acting for themselves and thirteen other states (collectively the "States"). The appeals are opposed by the Consumer News and Business Channel partnership (CNBC) and by FNN.[1]

The court's ruling was formally entered by the Bankruptcy Court in an Order and Judgment dated April 16. Oral argument on the appeal was heard on April 16 shortly before entry of the formal order, and was based on the Bankruptcy Court's extensive comments made in connection with its April 3 rulings.

For the reasons discussed below, the Bankruptcy Court's ruling as to its jurisdiction is affirmed.

## I.

Because there is no significant dispute as to the facts underlying the decision below or its appeal, and because of the time constraints governing resolution of the appeal, this opinion assumes familiarity with that background and provides no discussion of those facts beyond those needed to support particular conclusions.

■ The standard of review on this appeal, as on any appeal from the decision of a Bankruptcy Judge, is that the factual determinations below are binding unless clearly erroneous, while conclusions of law are reviewable *de novo*. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir.1990).

## II.

The question giving rise to this appeal is the disposition of assets of the debtor FNN, which has been operating under Chapter 11 of the Bankruptcy Code since March 1, 1991. Two bids for those assets were presented to the Bankruptcy Court, one by a partnership known as Dow Jones/Group W ("Dow"), the other by CNBC, which now is FNN's sole competitor in the cable television business news industry. The Court ruled that Dow's bid did not comply with its announced rules governing bids for FNN, and therefore refused to consider Dow's bid and accepted CNBC's bid.

The instant appeals challenge the Bankruptcy Court's ruling that "any entity seeking to enjoin the consummation of the transactions approved herein based upon matters that have been solely before this court must commence such action in this Court; *provided, however*, that such commencement shall be without prejudice to the rights afforded pursuant to 28 U.S.C. § 157(d)." Order and Judgment ¶ V (emphasis in original). The court's ruling was based in its finding that "any attempt to enjoin the transactions contemplated by the Motion and the Agreement in any other court [ ] would violate the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code." Order and Judgment ¶ 3.

The FTC argues that the automatic stay provision of 11 U.S.C. § 362(a) cannot reach the FTC's authority to seek to enjoin contemplated mergers. It notes that 11 U.S.C. § 362(a) provides for stays of actions against the debtor in bankruptcy court, while its action would instead be brought against the acquiring entity, in this case CNBC. As to section 362(a)(3)'s stay of actions regarding control of the debtor, FTC argues that that provision has been construed to apply solely to creditor claims against the debtor's assets. FTC additionally argues that section 362(b)(4) exempts regulatory actions from the automatic stay provisions of section 362(a). Fi-

---

**1.** At the April 3 proceeding, the Bankruptcy Court also ruled that the bid of Dow Jones/Group W for FNN's assets would not be considered as a qualified bid because it failed to comply with the court's requirement that all bids conform to the terms of an offer previously submitted by CNBC in all respects other than price. That decision was also appealed (by Dow and by FNN's creditors) and argued at the same proceeding as the FTC's appeal. The court's refusal to consider Dow's bid is treated in a separate opinion dated April 17, 1991.

nally, FTC argues that it never submitted to the bankruptcy court's jurisdiction by appearing before it, but rather appeared for the sole purpose of seeking an extension of time for its review of the proposed merger pursuant to the Hart–Scott–Rodino Antitrust Improvements Act of 1976, Section 7A of the Clayton Act, 15 U.S.C. § 18a.

■ CNBC, which filed extensive papers opposing the motions of the FTC and the states, contends that the appeal is premature because it preceded entry of a written order implementing the court's rulings of April 3. As is discussed more fully in our opinion addressing the exclusion of Dow's bid from consideration, however, this objection fails for two reasons. First, the court's determination was sufficiently final, explicit and detailed to permit meaningful review, particularly in light of precedent favoring flexible application of the finality requirement in bankruptcy appeals. *See In re Johns–Manville Corp.*, 920 F.2d 121, 126 (2d Cir.1990) ("The finality requirement is less rigidly applied in bankruptcy than in ordinary civil litigation, and 'orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case' "). Second, a written order was in fact entered within hours of argument of the appeal. The written order has been provided to the court, and neither our review of it nor any communication from the parties suggests it contains anything that would alter the substance of the April 16 argument or of this court's opinion. Indeed, in its Order of April 16, the court stated: "This order is entered to ensure that any party contemplating an appeal, even if interlocutory, will have an order to appeal from." Order and Judgment ¶ 2. Accordingly, the filing of the Order moots CNBC's objection as to the finality of the judgment being appealed.

As to the merits, the parties have presented extensive arguments on the important question of the intersection of the

Bankruptcy Court's jurisdiction over matters affecting disposition of the debtor's estate and the FTC's statutory authority to enforce the nation's antitrust laws in the forum of its choice, as well as the States' independent authority to enforce their antitrust laws.[2]

■ However, that issue need not be reached because the Bankruptcy Court found that both the FTC and the States have, through their extensive involvement in the proceedings below, submitted themselves to the jurisdiction of the Bankruptcy Court for purposes of this case, and that finding is at a minimum not clearly erroneous. While the FTC contends that its sole appearance before the Bankruptcy Court was for the limited purpose of seeking an extension of time to complete its review pursuant to the Hart–Scott–Rodino Act, in fact its involvement was far more pervasive, as was that of the States.

■ The Bankruptcy Code provides that when disposition of the debtor's assets requires notification under the Hart–Scott–Rodino Act,

> (A) notwithstanding subsection (a) of such section, such notification shall be given by the trustee; and (B) notwithstanding subsection (b) of such section, the required waiting period shall end on the tenth day of the receipt of such notification, unless the court, after notice and hearing, orders otherwise.

11 U.S.C. § 363(b)(2). Thus the FTC was obliged to appear before the Bankruptcy Court in order to obtain any extension of the ten-day Hart–Scott–Rodino review period. An appearance for the sole purpose of obtaining an extension on the review period may not constitute a consent to the Bankruptcy Court's jurisdiction over any antitrust challenge that may ultimately result from the FTC's review.

---

**2.** The parties do not contest the Bankruptcy Court's competence to hear antitrust matters related to pending bankruptcy cases. The Bankruptcy Court's authority to hear such cases derives from 28 U.S.C. § 157(a) (authorizing the

reference of cases under the Bankruptcy Code and related proceedings to bankruptcy judges) and § 157(b)(2)(O) (Defining core proceedings to include "proceedings affecting the liquidation of the assets of the estate ...").

However, the FTC in its actual appearances did more than merely request an extension.

On March 14, the FTC requested that the Bankruptcy Court withhold approval of the Motion and Agreement until twenty days after FNN and CNBC provided additional information to FTC concerning the proposed merger. FTC indicated that it would advise the court as to its findings. At a March 27 hearing on FNN's "Emergency Motion" seeking to advance the auction date of FNN's operations to April 3, FTC made an appearance to oppose that motion. Finally, at the April 3 hearing and auction the FTC appeared again and participated in discussion of the auction's conduct.

The States similarly played a substantial role in the proceedings below, and thereby submitted themselves to the Bankruptcy Court's jurisdiction. On March 25 the States filed an objection to the proposed sale to CNBC, arguing that the sale likely would violate antitrust laws and requesting the Bankruptcy Court to disapprove the sale to CNBC and to refuse to consider any bid from CNBC at a future auction of FNN's assets. The States further urged that the court insist that the ultimate purchaser of FNN operate the business separately from CNBC. Again on March 27, the States opposed by letter an FNN's "Emergency Motion" to advance the auction of its broadcast operations to April 3. And at the April 3 auction the States voiced their continued objections to the CNBC bid, maintaining that because of the substantial likelihood of antitrust liability resulting from CNBC's possible acquisition of FNN, CNBC's was not the "highest and best bid" before the court.

The extent of participation by the FTC and the States was noted by the Bankruptcy Court, which found that through their participation they "have consented to the jurisdiction of this Court to consider the Motion and all matters relating thereto, including, without limitation, any attempts to enjoin or otherwise interfere with the Closing...." Order and Judgment ¶ 52.

■ The bankruptcy court is legally competent to resolve antitrust issues raised by proceedings before it, and has entertained throughout those proceedings the comments of the FTC and the States. While those entities now protest that they never consented to the Bankruptcy Court's jurisdiction over their claims, by their earlier appearances they in fact attempted to prevent the Court's award of FNN to CNBC, and based their objections on antitrust concerns arising from their investigation of the proposed merger. Only upon an unfavorable ruling below did they seek to disassociate themselves with the pending bankruptcy proceedings.

It is unnecessary, in the circumstances of this case, to determine whether a mere appearance before a Bankruptcy Court to seek an extension of time for review pursuant to the Hart–Scott–Rodino Act would subject the FTC to the exclusive jurisdiction of that court. Today's ruling is based on the specific facts of this case, in which the FTC and the States each attempted to influence the proceedings by presenting antitrust objections to the Bankruptcy Court. The court below rightly noted that the FTC and the States retain the ability to seek withdrawal of the reference either of the entire proceeding or its antitrust components to the District Court. Once these entities have submitted to the court's jurisdiction, that is their sole remedy.

This result is consistent with the purpose of allowing the Bankruptcy Court broad jurisdiction over matters concerning the disposition of the debtor's assets. It is not contrary to public policy granting antitrust enforcement agencies discretion over the forum in which to seek relief because if the sale is consummated the FTC and the States retain the ability to sue in the forum of their choice to bring about divestiture.

The ruling of the Bankruptcy Court is affirmed.